IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WC 1st AND TRINITY LP | § | CASE NO. 20-10885 |
| | § | |
| WC 3RD AND CONGRESS LP | § | CASE NO. 20-10887 |
| | § | |
| WC 1st AND TRINITY GP LLC | § | CASE NO. 20-10886 |
| | § | |
| WC 3RD AND CONGRESS GP LLC, | § | CASE NO. 20-10888 |
| | § | |
| DEBTORS. | § | CHAPTER 11 |

**LP DEBTORS' SUR-REPLY IN OPPOSITION TO MOTIONS TO DISMISS
REGARDING AUTHORITY TO FILE CHAPTER 11 CASES**

**To the Honorable Tony M. Davis, United States Bankruptcy Judge:**

The LP Debtors[1] oppose the Motions to Dismiss, and in support of this opposition respectfully file this sur-reply and state as follows:

**I.  LP DEBTORS' CASES CITED IN THEIR RESPONSE ARE DIRECTLY ON POINT.**

1. In their reply, the Movants claim that the more than 20 cases the LP Debtors' cited in their Response to the Motions to Dismiss "can all be distinguished from the facts of this case." Reply at 4, ¶ 7. But the Movants spend none of the ten pages in their Reply even attempting to do so, because they cannot.

---

[1] Capitalized terms not otherwise defined herein have the meanings assigned to them in the LP Debtors' Response in Opposition to Motions to Dismiss Regarding Authority to File [ECF No. 43] (the "**Response**")

2. Far from being distinguishable, the LP Debtors' cited cases are directly on point and squarely confront the identical issue that is now before this Court: is a provision in a state-court receivership order enjoining a debtor's present officers, directors, or managers from authorizing the filing of a bankruptcy petition enforceable? As the court in the *Kreisers* case observed: "Overwhelming authority holds that, generally, corporate officers and directors may enact a resolution authorizing bankruptcy despite a receiver being appointed." *In re Kreisers, Inc.*, 112 B.R. 996, 1000 (Bankr. D. S.D. 1990). In *Kreisers*, as in this case, the issue was whether a state court could, through an order appointing a receiver, remove from the company's directors the power to authorize the debtor to access a federal bankruptcy forum. The court could not have been clearer or more direct in its holding: "Kreisers' officers and directors could pass a resolution to file bankruptcy despite state court orders not to do so." *Id.* Moreover, "[a] state court's receivership appointment for the express purpose of restraining an entity, which otherwise would be allowed to seek the refuge of the bankruptcy court, from filing bankruptcy is an intolerable abuse. Because the effect of the state court's order prevented Kreisers from filing bankruptcy, that order is invalid." *Id.* at 1001.

3. The Movants do not dispute that, in the absence of the Receivership Order, the General Partners of the LP Debtors "otherwise would be allowed to seek the refuge of the bankruptcy court" on behalf of the LP Debtors. Under *Kreisers* and the numerous cases that follow it—and which it follows—the Receivership Order's provisions purporting to endow the Receiver with "sole and exclusive authority" to file bankruptcy on behalf of the LP Debtors and to divest the General Partners of that authority should be granted no effect.

4. In one of the cases cited favorably in *Kreisers*, the board of directors of a company that had been placed into state-court receivership authorized the filing of a voluntary Chapter 7 bankruptcy petition. *In re Greater Atlanta Apartment Hunter's Guide, Inc.*, 40 B.R. 29 (Bankr. N.D. Ga. 1984). The company's 50% shareholder, who had sought and obtained the receivership, objected and filed a motion to dismiss on the grounds that the receiver had the sole and exclusive right to authorize a bankruptcy filing. The shareholder argued that the board of directors had been divested of that authority upon appointment of the receiver.

5. In ruling against the movant, Judge William L. Norton, Jr. opined that the movant's argument was "patently counter to the statutory right of a debtor to the privileges of the national uniform statute on bankruptcies and the inherent prohibition against any bar by other authority to the exercise of that right." *Id.* at 31 (citing *Jordan v. Indep. Energy Corp.*, 446 F. Supp. 516, 525-30 (N.D. Tex. 1978) & *United States v. Royal Bus. Funds Corp.*, 29 B.R. 777, (S.D.N.Y. 1983)).

6. Likewise, in another case the LP Debtors cited in their Response that is directly on point, the owner and sole director of a company that had been placed into state-court receivership authorized the filing of a bankruptcy case on behalf of his company. One of the company's co-receivers objected and moved to dismiss, arguing that "as far as doing anything in the courts, only the co-receivers of the state of Rhode Island could file this so-called petition. Even the board of directors, if there is one, or the shareholders, could not file this petition as representing the corporation and the debtors." *In re S & S Liquor Mart, Inc.*, 52 B.R. 226, 227 (Bankr. D.R.I. 1985). The court flatly rejected the receiver's argument, explaining that "an order in a state court receivership specifically restraining the debtor corporation, its stockholders, officers, and directors

from instituting federal reorganization proceedings is an unconstitutional deprivation of the right to bankruptcy relief." *Id.*

7.  The courts in *Kreisers*, *Greater Atlanta*, and *S&S Liquor Mart* faced the same issue this Court faces: does a receiver's claim of sole and exclusive authority to file bankruptcy for the company over which he is receiver have merit? Those courts, and the many cases they relied on and which have cited to them, including the numerous cases cited in the LP Debtors' Response, concluded it does not. That these cases involved debtors that were corporations rather than partnerships is irrelevant to the analysis. In each case, the receivership orders in question attempted to divest the company's directors from exercising their corporate powers to authorize bankruptcy filings, vesting those rights solely in the receivers. And in each case, the courts held such provisions unenforceable. This Court should do the same.

## II. *SINO* IS NEITHER CONTROLLING NOR PERSUASIVE.

8.  The Movants assert that all of these cases are in some way distinguishable but fail to articulate any explanation as to exactly how. Instead of addressing the substance of any of the cases cited by the LP Debtors in their Response, the Movants cite—for the first time in their reply—to a Nevada District Court case they claim is dispositive of the issue. *See* Reply at 4, ¶ 7 (citing *Sino Clean Energy Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 565 B.R. 677 (D. Nev. 2017) (*aff'd*, 901. F.3d 1139 (9th Cir. 2018). But *Sino* is neither controlling nor persuasive.[2]

---

[2] *Sino* has been cited only twice since its publication, once in a case distinguishing it (and discussed in the LP Debtors' Response at 15, ¶ 35) and once in a case attempting to harmonize its holding with the *Corporate and Leisure* case. *See In re John Q. Hammons Fall 2006, LLC*, 573 B.R. 881 (Bankr. D. Kan. 2017) & *Citizens & N. Bank v. Monroe Heights Dev. Corp. (In re Monroe Heights Dev. Corp.)*, No. 17-10176-TPA, 2017 Bankr. LEXIS 2355 (Bankr. W.D. Pa. Aug. 22, 2017).

9. *Sino* is distinguishable on its facts. In that case, **former** members of a board of directors—who had been ousted from their board positions and replaced by a new board of directors seven months earlier—filed a bankruptcy petition purportedly on behalf of the debtor company on whose board they had formerly served. *Sino*, 565 B.R. at 680. The receiver had been in place for over a year, and the new board authorized the filing of a motion to dismiss on the grounds that the board members who had been expelled months earlier lacked authority under state law to authorize the filing of a bankruptcy petition.

10. So, the *Sino* case is different from the case at bar in that it deals with a different question; i.e., whether a state court can empower a receiver to dismiss and replace a company's board of directors. *Id.* at 681 (observing that "appellants contend that federal bankruptcy law preempts a state-appointed receiver from preventing a corporation's directors from filing for bankruptcy **by replacing them with new directors**.") (emphasis added). It is in this context that the court in *Sino* criticizes the *Corporate and Leisure* case: the court was not persuaded that the reasoning of *Corporate and Leisure* should be extended to serve as a prohibition on a state court empowering a receiver to make changes to a company's board of directors. *Id.*

11. Moreover, the court in *Sino* acknowledges the narrow scope of its holding, noting that "[p]erhaps this case would be different if appellants could show that a receiver was biased or significantly delayed in appointing a new board, thus interfering with the corporations' ability to get into bankruptcy court in a timely matter. But that is not the case." *Id.* at 682, n.26. Unlike in *Sino*, that is the case here. *See* Response at 5, ¶ 8, n.8 & 7, ¶ 16 [ECF No. 43].

12. Also unlike in *Sino*, the General Partners have not been removed from their position in the LP Debtors' Limited Partnerships. *Sino*'s analysis is thus inapplicable. To the extent there

5

is any legitimate comparison, the General Partners in this case are more like the new board of directors in *Sino*, not the removed and replaced board. There is no question that the General Partners still maintain their ownership in the Limited Partnerships as well as their legal position as General Partners. They have not been replaced or divested of their ownership interests, in stark contrast to the board members in *Sino* who had been removed and replaced seven months before they attempted to file bankruptcy petitions.

13. For all of these reasons, the Court should deny the Motions to Dismiss.

**Dated: September 1, 2020**

Respectfully submitted,

**FISHMAN JACKSON RONQUILLO PLLC**

/s/ Mark H. Ralston
Mark H. Ralston
State Bar No. 16489460
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Telephone: (972) 419-5544
Facsimile: (972) 4419-5500
E-mail: mralston@fjrpllc.com

**PROPOSED COUNSEL FOR THE DEBTORS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, I caused to be served a true and correct copy of the foregoing document by the court ECF filing system and/or by First Class U.S. Mail on the parties listed on the attached service list.

/s/ Mark Ralston
Mark Ralston

5546847.2